NO. 07-11-00400-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 14, 2012
--------------------------------------------------------------------------------

 
 MERIDITH ANN KNIGHT, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE COUNTY COURT AT LAW NO 2 OF BRAZOS COUNTY;
 
 NO. 09-04792-CRM-CCL2; HONORABLE JAMES W. LOCKE, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 ORDER ON ABATEMENT AND REMAND
 
 Appellant, Meridith Ann Knight, appeals from a judgment convicting her of possession of marijuana in an amount less than two ounces, and sentence of 180 days incarceration in the Brazos County Jail, and $2,000 fine. We abate and remand this appeal.
Appellant filed notice of appeal on August 30, 2011. By order of the Texas Supreme Court, this appeal was transferred from the Tenth District Court of Appeals to this Court on October 11, 2011. See Tex. Gov't Code Ann. § 73.001 (West 2005). The Clerk's Record was filed on October 18, 2011. This Court entered an order of abatement and remand of this appeal for entry of the trial court's certification of defendant's right of appeal on December 16, 2011. See Knight v. State, No. 07-11-0400-CR, 2011Tex.App. LEXIS 9942 (Tex.App. -- Amarillo Dec. 16, 2011) (order). The appeal was reinstated when a supplemental clerk's record containing a certification was received by this Court on January 10, 2012.
Following reinstatement of the appeal, by letter dated February 27, 2012, this Court notified the official court reporter that the reporter's record in this case had been due to be filed no later than February 9, 2012, and directed the reporter to advise this Court of the status of the reporter's record on or before March 8, 2012. When no response was received from the reporter, we abated this appeal and remanded the cause to the trial court to hold a hearing to determine the status of the preparation of the reporter's record, and to enter any order necessary to ensure that the reporter's record would be filed as soon as practicable. See Knight v. State, No. 07-11-0400-CR, 2012 Tex.App. LEXIS 2073 (Tex.App. -- Amarillo Mar. 15, 2012) (order). By that order, a deadline of April 13 was set for supplemental record filings. When no supplemental filings were received by that date, the Clerk of this Court called the trial court coordinator, who advised that appellant had sent a letter to the trial court stating that appellant no longer desired to pursue the appeal. As a result, the court coordinator indicated that the remand hearing was not held. On the basis of the court coordinator's assertion, the Clerk of this Court contacted appellant's counsel on or about May 18, and advised that, if appellant no longer desires to pursue the appeal, a motion to dismiss would need to be filed. Counsel stated that a motion to dismiss would be prepared and filed as soon as possible. To date, the reporter's record has still not been filed with this Court, appellant has not filed a motion to dismiss, and appellant's counsel has repeatedly failed to return phone calls from the Clerk of this Court.
As such, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether counsel for appellant has abandoned the appeal; (4) whether appellants present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellants appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney. 
The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerks record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporters record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerks record or the supplemental reporters record; and (5) cause the records of the proceedings to be sent to this Court. See Tex. R. App. P. 34.5(c)(2), 38.8(b)(3). The supplemental clerks record, supplemental reporters record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than July 12, 2012.
Per Curiam

Do not publish.